# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO

ANDREW RULNICK, A███ R██████, J████ R██████, and H██

R██████, R██████ D████

**FILED**

Plaintiffs,

**JUN 2 5 2024**

v.

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

STATE OF ARIZONA, KRISTIN K. MAYES, KATIE HOBBS, DOUG DUCEY,
MARK BRNOVICH, CITY OF MESA, CITY OF PHOENIX, TOWN OF
GILBERT, PARADISE VALLEY UNIFIED SCHOOL DISTRICT, ANN FURNISH,
STEPHAN JERAS, NICOLE SMEDLEY, JOHN SMEDLEY, BREANNA RICE,
SHERI D. SHEPARD, RANDA D. CONWAY, CONNIE GOULD, JULIE KRIEGH,
THOMAS YOUNG, DUNCAN STOUTNER, ROBERT GRASSO JR, GRASSO
LAW FIRM, VICTORIA TORRILHON, LISA DANCZEWSKI, KARIN
MEISTER, LARRY J CROWN, TITUS BRUECKNER SPITLER & SHELTS PLC,
MICHAEL HENLEY, JSH FIRM, OFFICER D. ZINTAK #8934, [Insert Judicial
Assistants' Names], [Insert DCS Staffers' Names], [State/City Agents TBD], [DOJ &
UNITED STATES GOVERNMENT]

**5:24 CV 01075**

Defendants.

**JUDGE ADAMS**

**COMPLAINT**

**MAG. JUDGE HENDERSON**

## I. INTRODUCTION

This action arises from a persistent and egregious pattern of civil rights violations
inflicted upon Plaintiffs, Andrew Rulnick, A███ R██████ J████ R██████, and H██
R██████, by agents and entities of the State of Arizona, culminating in significant
personal, professional, and financial harm. Plaintiffs, a family deeply impacted by the
discriminatory and abusive conduct of the defendants, seek redress for the violation of
their constitutional and statutory rights. Plaintiff Andrew Rulnick, a successful
entrepreneur and CEO of DESIGNA, LLC, a cutting-edge research and development
company, brings this action under 42 U.S.C. § 1983, asserting that the defendants, acting
under color of state law, deprived him of his rights secured by the Constitution and laws
of the United States. This Court's jurisdiction is also invoked under 28 U.S.C. § 1331
(federal question) and 28 U.S.C. § 1343 (civil rights).

Venue is proper in this District under 28 U.S.C. § 1391(b) for the following reasons:

1. **Plaintiffs' Residence:** Plaintiff Andrew Rulnick currently resides in this District and has disabilities. Plaintiffs A█ R█, J█ R█, and H█ R█ are minors who should be ordered summertime and make up time with their Father, Plaintiff Andrew Rulnick who has lived and resided in Ohio since 2022. He left Arizona out of fear of retaliation, and lynching or physical injury, & needed months of physical therapy to recover from injury caused by officers and agents to be identified and named in discovery.

2. **Substantial Part of Events:** While many of the initial violations occurred in Arizona, the ongoing damages, including financial losses, emotional distress, and damage to Plaintiff Andrew Rulnick's business, have primarily occurred in Ohio, where Plaintiffs now reside.

3. **Convenience of Witnesses:** Many crucial witnesses, including family members, business associates, medical professionals, and others who can testify about the extent of Plaintiffs' damages and the impact on their lives, are located in Ohio. Compelling these witnesses to travel to Arizona would impose an undue burden and expense, especially given Plaintiffs' current financial hardship.

4. **Interests of Justice:** The alleged bias, corruption, and systemic failures within the Arizona legal system, as detailed throughout this Complaint, raise serious concerns about Plaintiffs' ability to obtain a fair and impartial trial in that jurisdiction. This bias is particularly concerning in light of Plaintiff Andrew Rulnick's disability, as he requires a forum that is sensitive to his needs and capable of providing the necessary accommodations to ensure his full and equal participation in the proceedings. Transferring the case to Ohio would ensure a neutral forum, where the Court is less likely to be influenced by the local politics and relationships that have allegedly tainted the proceedings in Arizona. Furthermore, the State of Arizona and its officials have demonstrated a pattern of evading accountability, obstructing justice, and disregarding Plaintiffs' rights. Furthermore, the pervasive bias and hostility Plaintiffs experienced in Arizona, particularly the consistent denial of accommodations for Plaintiff Andrew Rulnick's disability, make it highly unlikely that they could receive a fair and impartial trial in that jurisdiction. A transfer to Ohio is essential to ensure that Plaintiffs' rights are protected and that justice is served. Bringing this case to a federal court in Ohio, where Plaintiffs now reside and seek refuge from the ongoing harassment and discrimination they faced in Arizona, would promote fairness, protect Plaintiffs' rights, and serve the interests of justice.

1    violations of Plaintiffs' rights but chose to take no action, effectively condoning the
2    unlawful conduct of their agents and demonstrating a deliberate indifference to Plaintiffs'
3    suffering.

4    **II. FACTUAL BACKGROUND**

5    Beginning in 2017, Plaintiff Andrew Rulnick became entangled in a series of family
6    court proceedings in Arizona, arising from his divorce and custody disputes involving his
7    three minor children, ▮▮▮, ▮▮▮, and ▮▮▮▮▮▮ Throughout these proceedings,
8    Plaintiff Andrew Rulnick diligently and repeatedly requested reasonable accommodations
9    from Arizona courts to address the challenges posed by his HFASD (High-Functioning
10   Autism Spectrum Disorder), ensuring equal access to justice, as required under Title II of
11   the ADA (42 U.S.C. § 12132). These requests, documented extensively in court filings
12   and correspondence, were consistently denied or ignored, resulting in substantial
13   prejudice and Plaintiff Andrew Rulnick's inability to effectively participate in the legal
14   process. No court in Arizona, nor any state employee or official, ever engaged in a
15   meaningful interactive process with Plaintiff Andrew Rulnick to determine or provide
16   reasonable accommodations, as required by the ADA.

17   The state of Arizona is rife with issues when it comes to the accommodation of persons
18   with cognitive disabilities. Not a single record exists in the state of Arizona to
19   accommodate Plaintiff Andrew Rulnick, despite more than good-faith efforts attempting
20   to elicit the appropriate and correct response. An interactive process, and
21   accommodations to reduce the high barrier to equal access to justice and other public
22   offices and departments throughout the state, have been completely absent. This systemic
23   failure to accommodate Plaintiff Andrew Rulnick's disability is not limited to the courts
24   but extends to all state agencies with which he interacted. Despite repeated attempts to
25   engage in a good-faith interactive process to identify and implement reasonable
26   accommodations, Plaintiff Andrew Rulnick was met with indifference, delay, and
27   outright denial by state officials and their agents.

28   In March 2022, Plaintiff Andrew Rulnick was unlawfully evicted from his marital
29   residence by the Mesa Police Department, despite valid court orders permitting his access
30   to the property (See Exhibit 4). During this unlawful eviction, officers employed by the
31   City of Mesa used excessive force against Plaintiff Andrew Rulnick, resulting in the
32   dislocation of his left shoulder, left thumb, and right elbow, requiring extensive medical
33   treatment and rehabilitation. Plaintiff Andrew Rulnick was subsequently arrested without
34   probable cause, wrongfully detained, and denied due process, including the right to post
35   bond and the right to communicate with his attorney. This incident is documented in
36   Phoenix PD Report 202300001583645, which demonstrates the officers' disregard for
37   valid court orders and their willingness to use excessive force against Plaintiff. Despite

the severity of Plaintiff Andrew Rulnick's injuries and the clear violation of his rights, no meaningful investigation was conducted by any state agency or official.

Following this incident, Plaintiff Andrew Rulnick filed a civil lawsuit against the City of Mesa and other Arizona entities in Arizona Superior Court, alleging civil rights violations and seeking redress for the harms inflicted upon him. Despite repeated requests for the production of relevant records, including body-worn camera footage, police reports, and other materials, Defendants engaged in a pattern of stonewalling and obstruction, hindering Plaintiff Andrew Rulnick's ability to prepare his case. This obstruction of evidence constitutes a blatant disregard for due process and raises serious concerns about the potential for spoliation of evidence, a serious offense under the law. See *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003). This obstruction continues to this day, with Defendants refusing to produce critical documents that could exonerate Plaintiff Andrew Rulnick and identify additional culpable parties.

Plaintiffs have faced egregious delays in obtaining public records from various city agencies, including police departments and child protective services. These delays, often spanning two to three years, have significantly hindered Plaintiffs' ability to pursue their legal claims and have caused irreparable harm. Moreover, Plaintiffs possess exhibits of evidence wherein city agents acknowledge that these delays are unreasonable and represent a failure to fulfill their obligations under the law.

The aforementioned events are not isolated incidents but rather reflect a systemic pattern of bias and discrimination within the Arizona justice system.

Plaintiff Andrew Rulnick has exhausted all available avenues within the Arizona legal system in a tireless effort to secure his rights, to protect his children, and to compel a fair and accessible legal process. The records of these cases, including Exhibits 1, 2, 3, and 4, speak volumes about the systemic bias, the obstruction of justice, and the deliberate indifference to Plaintiff Andrew Rulnick's disability that have characterized his experiences in Arizona. Despite his persistent advocacy and good-faith attempts to engage in a meaningful dialogue, Plaintiff Andrew Rulnick has been met with resistance, delay, and a concerted effort to deny him the justice he seeks. Like Bobby Seale, who was unjustly silenced and bound in court, Plaintiff Andrew Rulnick was repeatedly denied his fundamental right to a fair hearing. He was silenced in court proceedings, prohibited from presenting his case effectively, and denied even the most basic accommodations for his disability, despite repeated pleas for assistance.

The pervasive bias and hostility directed toward Plaintiff Andrew Rulnick is not limited to the actions of individual defendants but reflects a broader culture of indifference and complicity within Arizona's state government. The Arizona legal system, and many of the

lawyers acting within it, served as both sword and shield – wielding the power of the courts to attack Plaintiff Andrew Rulnick, while simultaneously using legal procedures and technicalities to protect those who had wronged him, including the officers who used excessive force and his ex-wives who engaged in parental alienation. This includes opposing counsel, particularly Sheri Shepard, who exploited her legal knowledge and position to harass and intimidate Plaintiff Andrew Rulnick, while simultaneously obstructing his access to justice.

This pervasive bias and hostility extends to the highest levels of Arizona state government. Plaintiff Andrew Rulnick has repeatedly attempted to contact the Governor's office and the Attorney General's office to report the systemic discrimination and abuse he was facing, but his pleas for help were ignored. These attempts included numerous phone calls, emails, web form submissions, and even direct messages on social media platforms, all documenting Plaintiff Andrew Rulnick's desperate need for assistance and the clear violations of his rights. This lack of action represents a breach of the duty that State officials owe to their constituents. "When a state assumes responsibility for an individual, it becomes obligated to provide necessary services to protect that individual from harm." See *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989). In this case, the State of Arizona, through the inaction of its highest-ranking officials, failed to fulfill its obligation to protect Plaintiff Andrew Rulnick, a vulnerable individual with disabilities, from the ongoing harm inflicted upon him by other state agents. *This deliberate indifference is further exemplified by their failure to engage in a good-faith interactive process with Plaintiff Andrew Rulnick to identify and address his need for accommodations, compounding the denial of due process he suffered.*

Plaintiffs' efforts to seek redress for the violations of their rights extended beyond state-level agencies. Plaintiff Andrew Rulnick also filed formal complaints with the United States Department of Justice, detailing the systemic discrimination he faced in Arizona. (See Exhibits [List of Exhibit Numbers for DOJ Complaints].) Plaintiff Andrew Rulnick believes that he also attempted to communicate his concerns and seek assistance from the White House, and Plaintiffs anticipate that discovery will reveal the existence and content of these communications. These attempts to engage federal authorities were met with similar indifference and inaction, further demonstrating a pattern of disregard for Plaintiff Andrew Rulnick's rights as an individual with disabilities. Plaintiffs believe that this systemic failure to address their grievances at both the state and federal levels necessitates the intervention of this Court to ensure that justice is served and that their constitutional rights are protected.

**Furthermore, it is believed that Defendant Governors Ducey and Hobbs, as well as Defendant Attorneys General Brnovich and Mayes, had/have children attending or who have attended Paradise Valley Unified School District.** Plaintiff anticipates that

discovery will reveal that these officials have made significant personal donations to this school district. **These facts establish a clear conflict of interest and demonstrate a strong motive for their repeated failure to address Plaintiff Andrew Rulnick's complaints and to hold the school district accountable for its alleged misconduct.** Their personal entanglement with the school district created a blind spot, preventing them from upholding their duties to ensure equal protection of the law for all citizens. **Should discovery reveal these facts to be true, the Court should consider the potential criminality of such conduct, as it demonstrates a blatant disregard for the rule of law and a prioritization of personal interests over the well-being and rights of other citizens.**

Beyond the personal harm inflicted upon Plaintiffs, Defendants' actions have also had a devastating impact on Plaintiff Andrew Rulnick's professional life and his business, DESIGNA, LLC. Plaintiff Andrew Rulnick is a highly skilled entrepreneur and expert in digital marketing and AI-driven technologies. DESIGNA, which Plaintiff Andrew Rulnick founded in 2013, has the potential to revolutionize the marketing industry and contribute significantly to the economy. However, the relentless harassment and legal battles Plaintiff Andrew Rulnick endured in Arizona have severely impeded DESIGNA's growth, causing significant financial losses, including a recent loss of a $250,000 contract in November 2023 due to his inability to perform work as a result of the ongoing legal battles and emotional distress. These actions have jeopardized DESIGNA's future and caused irreparable harm to Plaintiff Andrew Rulnick's professional reputation.

Further demonstrating the deliberate efforts to obstruct Plaintiff Andrew Rulnick's access to justice, Randa D. Conway, Legal Assistant to Defendant Sheri D. Shepard, repeatedly received documents and communications that Defendants later claimed not to have possessed. Email receipts and other evidence demonstrate Conway's knowledge of these materials, yet she and Shepard continued to misrepresent the facts to the court, hindering Plaintiff Andrew Rulnick's ability to present his case effectively and further delaying the proceedings. In a particularly egregious example, Conway and Shepard refused to release Plaintiff Andrew Rulnick's ability to secure a private loan for housing, despite court orders and the clear evidence that Plaintiff Andrew Rulnick needed stable housing to maintain his parental rights. These actions, which are documented in transcripts and other court records, demonstrate a blatant disregard for Plaintiffs' rights and a deliberate intent to inflict harm upon them.

Defendant Nicole Smedley is employed by the Defendant Paradise Valley Unified School District, where she holds a position of influence. This employment relationship, combined with the close personal ties between Defendant Nicole Smedley and other school district officials, created an environment where Plaintiff Andrew Rulnick was subjected to discriminatory treatment and denied his parental rights. The State of

Arizona, through the inaction and indifference of its high-ranking officials, has effectively aided and abetted Defendant Nicole Smedley's discriminatory and abusive conduct. The State's failure to investigate Plaintiff Andrew Rulnick's complaints, address the clear violations of his rights, and hold its agents accountable has emboldened Defendant Nicole Smedley and her associates, allowing them to continue their pattern of harassment and interference with Plaintiff Andrew Rulnick's parental rights with impunity. This failure to intervene and protect Plaintiff Andrew Rulnick and his children constitutes a reckless disregard for Plaintiffs' well-being and a breach of the State's duty to ensure equal protection under the law for all its citizens. Plaintiff believes that discovery will reveal that these officials have also made substantial financial contributions to the Paradise Valley Unified School District, further demonstrating a strong personal and financial investment in this institution. These facts create a strong motive for their failure to address Plaintiff Andrew Rulnick's complaints about the school district's conduct, as they were unwilling or unable to believe that this school district, with which they are so closely associated, could possibly have issues, thereby protecting their own interests and reputations above the well-being and rights of other citizens. This direct connection, coupled with their inaction in response to Plaintiff Andrew Rulnick's pleas for help, raises serious questions about the integrity of these high-ranking state officials and their willingness to uphold the law fairly and impartially for all citizens.

This blatant disregard for judicial authority is further demonstrated by the defendants' persistent and egregious refusal to enforce a clear and straightforward court order regarding Plaintiff Andrew Rulnick's communication with his children. The order, originally issued by then-Judge, now Chief Justice Alison Bachus, in case [Insert Case Number], mandates that Defendants Nicole Smedley and Breanna Rice facilitate daily phone calls between Plaintiff Andrew Rulnick and his children using a Google Calendar/Meet link. Despite the simplicity and clarity of this order, the defendants have consistently failed to comply, denying Plaintiff Andrew Rulnick his court-ordered right to regular communication with his children. Plaintiff Andrew Rulnick has sent countless emails and made numerous complaints to law enforcement and child protective services, pleading for assistance in enforcing this order, but his efforts have been met with indifference and inaction. (See Exhibits [List of Exhibit Numbers for Emails and Complaints].) This pattern of willful defiance, spanning [Number] years and documented by a substantial volume of evidence, reveals a deeply troubling disregard for the rule of law and a calculated effort to obstruct Plaintiff Andrew Rulnick's parental rights. This defiance of a direct judicial order, particularly one issued by a high-ranking judicial official, further underscores the systemic bias and lack of accountability within Arizona's legal system, necessitating a change of venue to Ohio to ensure a fair and impartial hearing for Plaintiffs.

Beyond the personal and professional damage inflicted upon Plaintiff Andrew Rulnick, Defendants' actions have also had a devastating impact on the progress and development of groundbreaking research and innovation in a wide range of fields with the potential to benefit humanity. Due to the Defendants' discriminatory and abusive conduct, Plaintiff Andrew Rulnick, through his company DESIGNA, LLC, has been unjustly prevented from pursuing and completing cutting-edge research and development across multiple divisions, including:

- **Novel Theories of Neural Radiance Fields to Cure Alzheimer's and Improve Quality of Life for Senior Citizens:** DESIGNA was poised to pioneer research in the field of neural radiance fields, with a specific focus on creating new therapies for Alzheimer's disease and other neurodegenerative disorders. This research held the potential to significantly improve the lives of millions of senior citizens by restoring cognitive function and enhancing their quality of life. However, the defendants' relentless and discriminatory actions against Plaintiff Andrew Rulnick created an environment of constant legal battles, harassment, and stress, effectively crippling DESIGNA's ability to conduct this critical research. As a direct result of Defendants' conduct, DESIGNA has been unable to make meaningful progress in this vital area of research, depriving humanity of potentially life-changing medical breakthroughs.

- **Quantum Compute and Encryption:** DESIGNA was actively laying the groundwork for advancements in quantum computing and encryption, developing new technologies to enhance data security and advance the field of quantum information processing. However, the Defendants' actions abruptly halted this progress, diverting resources and attention away from this crucial research to address the relentless legal and personal attacks orchestrated by the Defendants. The delay in developing advanced encryption methods to safeguard sensitive information, due to Defendants' interference, could have far-reaching consequences for data security and privacy on a national scale.

- **Humanoid Robotics, Industrial Manufacturing, and Automation:** DESIGNA had ambitious plans to create advanced humanoid robotics with applications in industrial manufacturing and automation. The goal of this research was to revolutionize production processes, enhance efficiency, and create safer working environments. However, due to the obstructive actions of the Defendants, which have forced Plaintiff Andrew Rulnick to fight for his basic rights and defend against unfounded accusations, this research has been severely hampered. The development of transformative technologies with the potential to reshape industries and benefit workers worldwide has been unjustly thwarted.

- **Public/Private Transportation:** DESIGNA had initiated research and development to improve public and private transportation systems with the goal of creating safer, more efficient, and sustainable options. This research focused on integrating cutting-edge technology to create more environmentally friendly and user-centric transportation solutions. However, the Defendants' actions, which have caused significant disruption to Plaintiff Andrew Rulnick's life and company, have forced DESIGNA to abandon this important work. The opportunity to make progress in this area and contribute to a more sustainable future has been tragically lost due to the Defendants' misconduct.

- **Novel Theories for AGI/ASI:** DESIGNA was in the process of exploring novel theories in the development of Artificial General Intelligence (AGI) and Artificial Super Intelligence (ASI), aiming to create artificial intelligence systems capable of solving complex problems and advancing human understanding. However, the Defendants' relentless harassment, legal battles, and obstruction of justice have created an impossible environment for DESIGNA to continue this groundbreaking research. This interference has potentially delayed the development of transformative AI technologies that could have addressed critical global challenges in numerous fields.

- **Studies of Students/Individuals with Disabilities (ADA):** DESIGNA was deeply committed to engaging in research and development to improve the lives of students and individuals with disabilities, focusing on accessibility, assistive technologies, and inclusive design. However, the defendants' discriminatory actions and their failure to accommodate Plaintiff Andrew Rulnick's disability have directly obstructed this crucial research, preventing the development of innovations that could benefit millions of individuals with disabilities and promote greater inclusivity in society. The Defendants' actions have, in effect, harmed the very population they claim to protect.

- **Marketing Technologies & Web Server Automations:** DESIGNA was poised to develop cutting-edge marketing technologies and web server automation solutions to empower businesses and improve online experiences. However, the Defendants' relentless pursuit of baseless accusations and their interference with Plaintiff Andrew Rulnick's company have forced DESIGNA to abandon this promising research, depriving businesses of innovative tools and hindering progress in the field of digital commerce.

- **Encoder/Transcoder/Transformers:** DESIGNA was at the forefront of research and development in the field of encoder, transcoder, and transformer technologies.

These advancements have applications in natural language processing, image recognition, and other areas of artificial intelligence. However, due to the Defendants' conduct, which has drained resources and forced Plaintiff Andrew Rulnick to focus on defending himself against their unjust attacks, this research has been effectively blocked. This obstruction has set back the advancement of these foundational technologies, potentially delaying groundbreaking innovations in various industries and hindering the progress of AI research.

**II.A. Systemic Discrimination Against Individuals with Disabilities in Arizona**

Plaintiff Andrew Rulnick's experiences are not isolated incidents but reflect a broader pattern of systemic discrimination against individuals with disabilities within Arizona state institutions. [Insert specific examples of similar cases or situations where individuals with disabilities faced discrimination or lack of accommodations in Arizona, citing sources]. These examples demonstrate a pervasive culture of indifference and a failure by the State of Arizona to adequately protect the rights of individuals with disabilities, creating an environment where discrimination flourishes. This systemic bias is further compounded by the potential for favoritism and influence within the Arizona court system, as demonstrated by the close ties between former Judge David K. Udall and his former law firm, Udall Shumway. Even after Judge Udall's retirement, the lingering influence of his reputation and the potential for continued financial incentives create an environment where Plaintiffs, particularly those with disabilities like Plaintiff Andrew Rulnick, are at a significant disadvantage in seeking a fair and impartial hearing. The defendants' consistent refusal to engage in a good-faith interactive process to identify and implement reasonable accommodations, as required by the ADA, further evidences this systemic bias and demonstrates a deliberate indifference to the rights of individuals with disabilities.

**III. CAUSES OF ACTION**

**A. Violation of the Americans with Disabilities Act, Title II (42 U.S.C. § 12131 et seq.)**

Plaintiffs allege Defendants, acting under color of state law, violated Title II of the Americans with Disabilities Act (ADA) by discriminating against Plaintiffs on the basis of Plaintiff Andrew Rulnick's disability. Title II of the ADA prohibits discrimination against qualified individuals with disabilities in all services, programs, and activities of public entities. See 42 U.S.C. § 12132. This prohibition extends to all aspects of a public entity's operations, including the provision of services, access to facilities, and employment practices.

Specifically, Plaintiffs allege that the following Defendants, individually and collectively, engaged in a pattern and practice of discrimination against Plaintiffs in violation of Title II of the ADA:

a) **State of Arizona:** Plaintiff Andrew Rulnick was subjected to a hostile environment and denied equal access to justice in Arizona courts and other state agencies due to his disability. The State of Arizona, through its courts, law enforcement agencies, child protective services, and other state entities, failed to provide reasonable accommodations for Plaintiff Andrew Rulnick's HFASD, creating substantial barriers to his participation in legal proceedings and other state-administered programs and services. Furthermore, the State of Arizona failed to adequately train its employees and agents on the requirements of the ADA, fostering a culture of indifference and disregard for the rights of individuals with disabilities. Plaintiffs anticipate that discovery will reveal the identities of specific agents within the State of Arizona and its various agencies who directly participated in this discriminatory conduct and who will be named as defendants in this lawsuit. Specifically, Arizona courts and state agencies failed to provide Plaintiff Andrew Rulnick with basic accommodations, such as written communication alongside oral presentations, transcripts for hearings and depositions, visual aids to explain complex legal concepts, and adjustments to the courtroom environment to minimize sensory overload. These failures, despite repeated requests from Plaintiff Andrew Rulnick, demonstrate a blatant disregard for his rights under the ADA and created significant barriers to his access to justice.

b) **Governors Doug Ducey and Katie Hobbs:** Governors Ducey and Hobbs, as the chief executives of the State of Arizona, had a duty to ensure that state agencies and employees complied with the ADA. However, both Governors, despite receiving repeated complaints from Plaintiff Andrew Rulnick regarding the denial of his rights under the ADA, failed to take any meaningful action to address these issues or to ensure that state agencies were providing reasonable accommodations for individuals with disabilities. Their inaction constitutes a deliberate indifference to Plaintiff Andrew Rulnick's rights and a failure to fulfill their executive responsibilities to enforce federal law within the state.

c) **Attorneys General Mark Brnovich and Kris Mayes:** Attorneys General Brnovich and Mayes, as the chief legal officers of the State of Arizona, had a duty to enforce the ADA and protect the civil rights of all citizens, including individuals with disabilities. However, both Attorneys General, despite receiving detailed complaints from Plaintiff Andrew Rulnick regarding the systemic ADA violations he faced, failed to take any action to investigate these claims or to provide Plaintiff with any assistance. By failing to investigate and address Plaintiff Andrew Rulnick's complaints, Attorneys General

Brnovich and Mayes breached their duty to enforce the law and allowed the unlawful conduct to persist.

d) **City of Mesa**: Plaintiff Andrew Rulnick was subjected to discrimination by the City of Mesa through the unlawful eviction from his marital residence, the excessive force used during his arrest, and his subsequent wrongful detention. The City of Mesa, through its police department, failed to provide reasonable accommodations for Plaintiff Andrew Rulnick's disability during these encounters, further exacerbating the harm he suffered.

e) **City of Phoenix**: Plaintiff Andrew Rulnick was subjected to discriminatory treatment by the City of Phoenix through the actions of its police department, which failed to provide him with assistance when he sought help and instead harassed and antagonized him. The City of Phoenix also demonstrated a disregard for Plaintiffs' rights by withholding crucial video evidence, further obstructing Plaintiff Andrew Rulnick's pursuit of justice and demonstrating a lack of accountability.

f) **Paradise Valley Unified School District:** Plaintiffs allege that the Paradise Valley Unified School District, through its employees and agents, discriminated against them based on Plaintiff Andrew Rulnick's disability in the context of his involvement in his children's education. The school district failed to provide reasonable accommodations for Plaintiff Andrew Rulnick's HFASD, creating barriers to his participation in school meetings and decision-making processes, and ultimately obstructing his right to be actively involved in his children's education.

g) **Ann Furnish and Stephan Jeras**: Defendants Ann Furnish and Stephan Jeras, as officials within the Paradise Valley Unified School District, directly participated in the discriminatory exclusion of Plaintiff Andrew Rulnick from his children's education. They consistently sided with Defendant Nicole Smedley, Plaintiff Andrew Rulnick's ex-wife and a colleague within the school district, demonstrating a clear conflict of interest and a pattern of favoritism and nepotism that prejudiced Plaintiff Andrew Rulnick and his children.

h) **Sheri D. Shepard, Randa D. Conway, Connie Gould, and Thomas Young:** These Defendants, as attorneys representing various parties in the underlying legal proceedings, failed to provide reasonable accommodations for Plaintiff Andrew Rulnick's disability, engaged in abusive litigation tactics, and obstructed Plaintiff Andrew Rulnick's access to justice. Their actions demonstrate a deliberate disregard for Plaintiff Andrew Rulnick's rights under the ADA and a failure to uphold their ethical obligations as attorneys.

i) **Judicial Assistants and DCS Staffers:** Plaintiffs further allege that various judicial assistants and Department of Child Safety staffers, whose names are currently unknown and will be identified during discovery, directly participated in the denial of Plaintiff

1   Andrew Rulnick's requests for accommodations and contributed to the hostile
2   environment he faced within Arizona's legal system. Plaintiffs intend to amend this
3   Complaint to specifically name these individuals as defendants once their identities have
4   been ascertained through discovery.

5   The conduct of these Defendants, individually and collectively, constitutes a clear
6   violation of Title II of the ADA. Their failure to provide reasonable accommodations for
7   Plaintiff Andrew Rulnick's disability, their discriminatory actions, and their perpetuation
8   of a hostile environment have caused Plaintiffs significant harm and continue to deny
9   them equal access to vital services, programs, and activities.

10   **B. Violation of the Rehabilitation Act of 1973, Section 504 (29 U.S.C. § 794)**

11   Plaintiffs assert that Defendants, as recipients of federal financial assistance, violated
12   Section 504 of the Rehabilitation Act of 1973 ("Section 504") by discriminating against
13   them on the basis of Plaintiff Andrew Rulnick's disability. Section 504 states that "no
14   otherwise qualified individual with a disability in the United States...shall, solely by
15   reason of her or his disability, be excluded from the participation in, be denied the
16   benefits of, or be subjected to discrimination under any program or activity receiving
17   Federal financial assistance." 29 U.S.C. § 794. This legislation mandates that entities
18   receiving federal funds cannot discriminate against individuals with disabilities, ensuring
19   equal access to programs, services, and opportunities.

20   Upon information and belief, Defendants State of Arizona, City of Mesa, City of
21   Phoenix, Town of Gilbert, Paradise Valley Unified School District, and other Arizona
22   entities named herein, receive federal financial assistance for their programs and
23   activities, thereby subjecting them to the requirements of Section 504. The receipt of such
24   funding, even if directed to a specific program or department, subjects the entire entity to
25   Section 504's nondiscrimination mandate, encompassing all its operations (see *Grove*
26   *City College v. Bell*, 465 U.S. 555 (1984)).

27   Throughout his interactions with Defendants, Plaintiff Andrew Rulnick repeatedly sought
28   reasonable accommodations to address the barriers posed by his HFASD and to ensure
29   his full and equal participation in legal proceedings, child welfare programs, and other
30   state-administered services. These requests, evidenced by court records and
31   correspondence, were met not only with denials but with a pattern of deliberate
32   obstruction, delaying tactics, and outright hostility. This conduct was intended to
33   discourage Plaintiffs from asserting their rights and to make it nearly impossible for them
34   to access the services and protections they were entitled to under Section 504.

35

Plaintiff Andrew Rulnick's reasonable requests for accommodations included, but were not limited to:

- Requests for transcripts and other visual aids to facilitate his comprehension of court proceedings;

- Requests for flexible scheduling and deadlines to accommodate his disability-related needs;

- Requests for the appointment of a dedicated coordinator to facilitate communication and ensure his understanding of legal procedures.

- Providing documents and transcripts in a plain text format for accessibility, facilitating communication and document exchange via email with organized folders, and appointing a moderator to ensure timely and efficient communication. These reasonable accommodations, which were essential to ensure Plaintiff Andrew Rulnick's full and equal participation, were consistently denied, demonstrating a discriminatory disregard for his rights under Section 504 and a failure to provide a level playing field in the legal process.

Plaintiffs believe that discovery will reveal that the denial of Plaintiff Andrew Rulnick's reasonable accommodation requests was not just a result of individual negligence, but rather a systemic failure across multiple state agencies. Plaintiffs anticipate that discovery will uncover a pervasive pattern of deliberate disregard for the rights of individuals with disabilities, fueled by a lack of training and a culture of indifference towards those protected under Section 504.

Plaintiffs allege that the following Defendants, who are recipients of federal financial assistance, violated Section 504 by engaging in discriminatory actions against Plaintiffs:

- **State of Arizona:** Plaintiffs allege that the State of Arizona, through its courts, law enforcement agencies, child protective services, and other state entities, violated Section 504 by systematically failing to provide Plaintiff Andrew Rulnick with reasonable accommodations for his HFASD. This systemic failure is a direct result of the State's inadequate training of its employees and agents on the requirements of Section 504, creating a culture where the rights of individuals with disabilities are routinely ignored and violated. Plaintiffs anticipate that discovery will reveal the identities of specific agents within the State of Arizona and its various agencies who directly participated in this discriminatory conduct, and Plaintiffs intend to amend this Complaint to name these individuals as defendants once their identities have been ascertained through discovery.

- **City of Mesa:** Plaintiffs allege that the City of Mesa, through its police department, violated Section 504 by failing to provide Plaintiff Andrew Rulnick with reasonable accommodations during his unlawful eviction, arrest, and detention. This failure to accommodate, compounded by the excessive force used against Plaintiff Andrew Rulnick, demonstrates a deliberate indifference to his rights under Section 504.

- **City of Phoenix:** Plaintiffs allege that the City of Phoenix, through its police department, violated Section 504 by failing to provide Plaintiff Andrew Rulnick with assistance when he sought help, choosing instead to harass and antagonize him. The City of Phoenix further demonstrated a disregard for Plaintiff Andrew Rulnick's rights by withholding crucial video evidence, further obstructing his access to justice and demonstrating a lack of accountability for their actions.

- **Paradise Valley Unified School District:** Plaintiffs allege that the Paradise Valley Unified School District, through its employees and agents, violated Section 504 by failing to provide reasonable accommodations for Plaintiff Andrew Rulnick's disability in the context of his involvement in his children's education. This failure to accommodate created significant barriers to Plaintiff Andrew Rulnick's participation and hindered his ability to effectively advocate for his children's educational needs.

As a direct and proximate result of Defendants' violations of Section 504, Plaintiffs have suffered significant damages, including, but not limited to:

- Denial of equal access to services and programs;
- Emotional distress and psychological harm;
- Reputational damage.

## C. Constitutional Claims

### 1. Violation of the Fourteenth Amendment – Due Process Clause

Plaintiffs assert that Defendants, acting under color of state law, deprived them of their rights to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." This encompasses both procedural due process, which requires fair procedures before depriving someone of a protected interest, and substantive due process, which protects certain fundamental rights from government interference.

1   **Plaintiffs will prove at trial** that the actions of the Defendants, as described below,
2   violated their Fourteenth Amendment right to due process of law.

3   **(a) Unlawful Eviction**

4   Defendants Mesa Police Department and Breanna Rice unlawfully evicted Plaintiff
5   Andrew Rulnick from his marital residence in March 2022. This eviction, based on false
6   and misleading information provided by Defendant Breanna Rice, violated a valid court
7   order that granted Plaintiff Andrew Rulnick access to the property (See Exhibit 4). The
8   eviction occurred without affording Plaintiff Andrew Rulnick any meaningful
9   opportunity to present his case or challenge the false allegations against him.

10  This deprivation of property without due process violates Plaintiff Andrew Rulnick's
11  Fourteenth Amendment rights. "An essential principle of due process is that a deprivation
12  of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate
13  to the nature of the case.'" See *Cleveland Board of Education v. Loudermill*, 470 U.S. 532
14  (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313
15  (1950)). In this instance, the Mesa Police Department failed to provide Plaintiff Andrew
16  Rulnick with proper notice or an opportunity to be heard before depriving him of his
17  property interest in his residence, thereby violating his Fourteenth Amendment right to
18  due process. See *Mathews v. Eldridge*, 424 U.S. 319 (1976).

19  **(b) Excessive Force and Wrongful Arrest**

20  During the unlawful eviction, officers of the Mesa Police Department employed
21  excessive force against Plaintiff Andrew Rulnick, resulting in the dislocation of his left
22  shoulder, left thumb, and right elbow. This use of force was unjustified, exceeding the
23  reasonable force allowed in effectuating a lawful seizure. See *Graham v. Connor*, 490
24  U.S. 386 (1989). The Fourth Amendment, applicable to the states through the Fourteenth
25  Amendment, guarantees the right to be free from unreasonable seizures. Plaintiff Andrew
26  Rulnick's arrest for criminal trespass, despite having a legal right to be present at his
27  residence, was without probable cause, further violating his Fourth Amendment rights.
28  Plaintiffs believe that discovery will reveal the identities of the specific officers involved
29  in this unlawful eviction and arrest, and Plaintiffs intend to amend this Complaint to
30  name these individuals as defendants once their identities have been ascertained through
31  discovery.

32  **(c) Denial of Bond and Access to Counsel**

33  Following his arrest, Plaintiff Andrew Rulnick was denied the opportunity to post bond,
34  despite having sufficient financial means. This denial was a result of Defendant Breanna
35  Rice's deliberate actions in cutting off Plaintiff Andrew Rulnick's access to joint financial

accounts, an action that was motivated by malice and intended to inflict further harm upon Plaintiffs. Additionally, while detained at the Mesa Police Department holding facility, Plaintiff Andrew Rulnick's first phone call to his lawyer was intentionally denied, hindering his initial ability to assert his rights and defend himself against the unfounded charges (see Exhibit 1). The Sixth Amendment right to counsel, applicable to the states through the Fourteenth Amendment, requires that individuals be afforded access to legal representation at critical stages of criminal proceedings, and denial of that right at the outset of a criminal matter constitutes a serious due process violation.

**(d) Deprivation of Liberty Without Due Process**

As a result of Defendants' actions, Plaintiff Andrew Rulnick was unlawfully deprived of his liberty and subjected to the Florence Correctional Facility. His incarceration and the associated deprivation of his fundamental rights occurred without a valid court order or any meaningful opportunity for Plaintiff Andrew Rulnick to challenge the legality of his detention, a fundamental violation of due process. See *Mathews v. Eldridge*, 424 U.S. 319 (1976). This deprivation of liberty was a direct consequence of the Defendants' malicious prosecution, false arrest, and denial of bond, as detailed in this Complaint.

**(e) Denial of Necessary Medications**

While incarcerated at the Florence Correctional Facility, Defendants showed deliberate indifference to Plaintiff Andrew Rulnick's serious medical needs by denying him access to his prescribed medications. This denial forced Plaintiff Andrew Rulnick to undergo a traumatic and dangerous withdrawal process, exacerbating his HFASD symptoms and causing him severe psychological distress. Defendants' subsequent reinstatement of Plaintiff Andrew Rulnick's medications at an improper dosage, without adequate medical supervision, further demonstrated their reckless disregard for his health and well-being. This denial of essential medical care constituted cruel and unusual punishment, violating Plaintiff Andrew Rulnick's rights under the Eighth Amendment, made applicable to the states through the Fourteenth Amendment.

**(f) Denial of Fair Hearing and Procedural Fairness**

Throughout his legal battles in Arizona, Plaintiff Andrew Rulnick was repeatedly denied a fair hearing and subjected to procedural irregularities that violated his due process rights. The courts consistently failed to provide adequate time for Plaintiff Andrew Rulnick to present his case, ignored his requests for continuances based on legitimate grounds, and allowed opposing counsel to engage in dilatory and obstructive tactics that hindered Plaintiff Andrew Rulnick's ability to defend himself. This systemic denial of procedural fairness, compounded by the courts' disregard for Plaintiff Andrew Rulnick's disability and their failure to enforce their own orders, such as the order for mediation in

case no. FC2022-091124, created an environment where Plaintiff Andrew Rulnick's due process rights were routinely trampled upon. Plaintiffs believe that discovery will reveal the specific judicial assistants and court personnel who were complicit in the denial of fair hearings and procedural fairness and intend to amend this Complaint to name these individuals as defendants once their identities have been ascertained.

The inaction of Governors Ducey and Hobbs and Attorneys General Brnovich and Mayes constituted a denial of due process by failing to protect Plaintiffs from the deprivation of their liberty and property by other state officials. Their deliberate indifference to Plaintiff Andrew Rulnick's complaints and their failure to investigate the alleged misconduct allowed the violations to continue, compounding the harm to Plaintiffs. *This deliberate indifference is further exemplified by their failure to engage in a good-faith interactive process with Plaintiff Andrew Rulnick to identify and address his need for accommodations, compounding the denial of due process he suffered.*

Plaintiffs' deprivation of liberty and property without due process of law constitute serious violations of their constitutional rights, causing lasting harm and damages. These violations mirror the injustices inflicted upon Bobby Seale, who was denied his right to speak, to defend himself, and to receive a fair trial. The Arizona courts, in their relentless disregard for Plaintiffs' due process rights, metaphorically strapped them to a chair and gagged them, just as Seale was physically restrained in the courtroom. This systematic denial of Plaintiffs' voice, combined with the denial of even the most basic accommodations for Plaintiff Andrew Rulnick's disability, led to profound feelings of helplessness and despair, ultimately provoking repeated suicidal ideations - a tragic testament to the crushing weight of injustice. The hostile environment fostered by Nicole Smedley and her associates, as evidenced by John Smedley's public statements (see Exhibit 5, Exhibit 6, Exhibit 7), further compounded the due process violations Plaintiffs endured. The actions of Randa D. Conway and Sheri D. Shepard, in deliberately withholding documents and obstructing Plaintiff Andrew Rulnick's access to necessary financing, further compounded the due process violations Plaintiffs endured. Their conduct, combined with the court's failure to address these obstructions adequately, created an environment where Plaintiffs were effectively denied a fair hearing and an opportunity to present their case.

**2. Violation of the Fourteenth Amendment – Equal Protection Clause**

Plaintiffs assert that Defendants, acting under color of state law, violated their right to equal protection under the law, as guaranteed by the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause mandates that all persons similarly situated should be treated alike under the law. See *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432 (1985). Plaintiffs will demonstrate that Plaintiff

Andrew Rulnick, an individual with HFASD, was treated differently than similarly situated individuals without disabilities, a violation of his fundamental right to equal protection.

**Plaintiffs will prove at trial** that Defendants engaged in the following discriminatory actions in violation of the Equal Protection Clause:

**(a) Disparate Treatment Based on Disability:** Plaintiffs will demonstrate that they were subjected to disparate treatment by Defendants throughout their interactions with Arizona courts, law enforcement agencies, and other state entities. This disparate treatment, rooted in prejudice and misconceptions about Plaintiff Andrew Rulnick's disability, manifested in numerous ways, creating a hostile environment and denying Plaintiffs equal access to justice and essential services.

Specifically, Plaintiffs will prove that this disparate treatment included, but was not limited to:

- **Denial of Reasonable Accommodations:** The evidence will show that Plaintiff Andrew Rulnick was repeatedly denied reasonable accommodations in legal proceedings, despite providing evidence of his HFASD diagnosis and making numerous requests for assistance. This denial of accommodations, in contrast to the treatment afforded to individuals without disabilities, placed Plaintiff Andrew Rulnick at a significant disadvantage and hindered his ability to effectively participate in the legal process.

- **Dismissive and Hostile Treatment:** Plaintiffs will demonstrate that Plaintiff Andrew Rulnick was subjected to dismissive and hostile treatment by court staff and opposing counsel, including mockery of his disability and accusations of dishonesty or incompetence. This created an intimidating and discriminatory environment that further compounded the challenges he faced due to his disability.

- **Unlawful Eviction and Excessive Force:** Plaintiffs will prove that Plaintiff Andrew Rulnick was unlawfully evicted from his marital residence and subjected to excessive force during his arrest, despite having a valid legal right to be present at the property. Evidence will show that similar actions by individuals without disabilities would have been handled with greater leniency and accommodation, demonstrating a clear bias against Plaintiff Andrew Rulnick based on his disability.

- **Discriminatory Enforcement of Laws:** Plaintiffs will demonstrate that Arizona law enforcement agencies engaged in discriminatory enforcement of laws against them based on Plaintiff Andrew Rulnick's disability and his advocacy for his rights. The Fourteenth Amendment protects individuals from selective prosecution based on arbitrary classifications, including disability status. To establish a selective prosecution claim, the Plaintiffs must demonstrate that: (1) others similarly situated have not been prosecuted for similar conduct; and (2) the government's discriminatory selection was based on an impermissible motive, such as disability status. See *United States v. Armstrong*, 517 U.S. 456, 465 (1996). Plaintiffs maintain that law enforcement agencies targeted Plaintiff Andrew Rulnick for prosecution based on unfounded allegations, while ignoring credible claims of abuse and court order violations by Plaintiffs' ex-wives. They also applied stricter standards of conduct and more aggressive prosecutorial tactics to Plaintiff Andrew Rulnick than to non-disabled individuals involved in similar situations.

**(b) Failure to Provide Equal Access to Services:** Plaintiffs will prove that they were denied equal access to child welfare programs and services based on Plaintiff Andrew Rulnick's disability. This denial, rooted in discriminatory assumptions about Plaintiff Andrew Rulnick's capabilities as a parent, resulted in Plaintiffs being subjected to unfair scrutiny and being denied the opportunity to participate fully in programs designed to support families. This denial manifested in:

- **Failure to provide individualized assessments and service plans that adequately addressed Plaintiffs' disability-related needs.** The evidence will demonstrate that this failure to consider the unique challenges Plaintiff Andrew Rulnick faced due to his disability resulted in Plaintiffs being subjected to inappropriate expectations and evaluations, ultimately hindering their access to necessary support and services.

- **Lack of accessible transportation and other support services that were readily available to non-disabled parents.** Evidence will show that this lack of accessibility created a significant barrier for Plaintiffs, limiting their ability to participate in programs and services that were essential for their well-being and the stability of their family.

- **Imposition of burdensome requirements and expectations on Plaintiffs, while affording greater flexibility and leniency to non-disabled parents.** Plaintiffs will demonstrate that this disparate treatment reinforced the discriminatory notion that Plaintiffs were less capable than other parents due to Plaintiff Andrew

Rulnick's disability, further marginalizing them and denying them equal access to essential resources.

**(c) Governmental Complicity and Failure to Protect:** The inaction of Governors Ducey and Hobbs and Attorneys General Brnovich and Mayes constituted a denial of equal protection by creating a two-tiered system of justice, where individuals with disabilities and those who advocate for their rights are afforded less protection than others. This failure to protect, combined with the discriminatory actions of other state officials, deprived Plaintiffs of their right to equal protection. Their deliberate indifference to Plaintiff Andrew Rulnick's complaints, despite their knowledge of the ongoing abuse and discrimination, further demonstrates a lack of impartiality and a violation of Plaintiffs' rights. This failure to protect is further evidenced by the complicity of law enforcement officials, such as Officer D. Zintak, in ignoring and dismissing Plaintiffs' concerns about the violation of their rights, as documented in Phoenix PD Report 202300001583645.

**(d) Failure to Ensure Equal Access to Education:** Plaintiffs will prove that the Paradise Valley Unified School District, through the actions of Defendants Ann Furnish and Stephan Jeras, violated their right to equal protection by denying Plaintiff Andrew Rulnick equal access to participate in his children's education. This denial, motivated by bias against Plaintiff Andrew Rulnick's disability and a desire to favor Defendant Nicole Smedley, created a hostile environment for Plaintiffs and deprived the children of the benefits of their father's involvement in their education.

As a direct and proximate result of Defendants' discriminatory actions, Plaintiffs were denied the equal protection of the laws, causing significant harm and perpetuating harmful stereotypes about individuals with disabilities.

**D. Other Causes of Action**

In addition to the federal claims under the ADA, the Rehabilitation Act, and the Fourteenth Amendment, Plaintiffs assert the following state law claims:

**1. Intentional Infliction of Emotional Distress**

Plaintiffs assert that Defendants, acting under color of state law and with deliberate indifference to Plaintiffs' rights, engaged in extreme and outrageous conduct that caused them severe emotional distress. Arizona law recognizes the tort of Intentional Infliction of Emotional Distress (IIED) when a defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. See *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987). To establish a claim for IIED, Plaintiffs must

demonstrate that: (1) the defendants' conduct was extreme and outrageous; (2) the defendants intended to cause emotional distress or recklessly disregarded the near certainty that emotional distress would result from their conduct; (3) Plaintiffs suffered severe emotional distress; and (4) the defendants' conduct was the cause of Plaintiffs' emotional distress.

**Plaintiffs will prove at trial** that the defendants' conduct, as detailed throughout this Complaint, meets all elements of an IIED claim. Their actions were not merely negligent or careless; they were intentionally designed to harass, intimidate, and inflict harm upon Plaintiffs. The egregious nature of their conduct, as well as the substantial evidence of their malicious intent, supports Plaintiffs' claim for IIED.

Specifically, Plaintiffs will prove at trial that the following conduct by Defendants constitutes intentional infliction of emotional distress:

- **Unlawful Eviction and Excessive Force:** The evidence will demonstrate that the unlawful eviction from his marital residence and the excessive force used by Mesa Police officers during his arrest caused Plaintiff Andrew Rulnick significant physical pain, humiliation, and emotional trauma. These actions were a clear violation of his constitutional rights and were carried out with a reckless disregard for his physical and emotional well-being.

- **Malicious Prosecution:** Plaintiffs will demonstrate that Plaintiff Andrew Rulnick was subjected to malicious prosecution by Arizona law enforcement agencies and prosecutors who pursued unfounded criminal charges against him. These charges, motivated by a desire to retaliate against Plaintiff Andrew Rulnick for asserting his rights, were based on fabricated evidence and discriminatory assumptions about his disability. The malicious prosecution of Plaintiff Andrew Rulnick caused him significant emotional distress, anxiety, and damage to his reputation.

- **Custodial Interference and Parental Alienation:** Plaintiffs will prove that Defendants, in conjunction with Plaintiff Andrew Rulnick's ex-wives, Nicole Smedley and Breanna Rice, engaged in a pattern of custodial interference and parental alienation, unjustly limiting Plaintiff Andrew Rulnick's access to his children and damaging his relationships with them. Parental alienation is a form of child abuse in which one parent deliberately undermines and damages the child's relationship with the other parent. See, e.g., Gardner, Richard A., *Parental Alienation Syndrome (PAS): Sixteen Years Later* (2001). In this case, Plaintiffs will demonstrate that the Defendants' actions constituted not only custodial interference but also parental alienation, as they were intended to turn Plaintiffs Asher Rulnick, Jonah Rulnick, and Hana Rulnick against their father and to

damage their relationship with him. **These actions have unjustly separated Plaintiff Andrew Rulnick from his children, who are currently residing with their mothers in Arizona, and have prevented them from visiting their father in Ohio.** These actions, facilitated by Arizona courts that failed to enforce their own orders and ignored Plaintiff Andrew Rulnick's complaints of alienation, have caused Plaintiff Andrew Rulnick and his children severe emotional distress and have irreparably damaged their familial bonds.

- **Publication of Sealed Court Documents:** Plaintiffs will prove that Defendants, in reckless disregard for Plaintiffs' privacy and emotional well-being, violated court orders sealing confidential information by allowing these sensitive records to be published online. This egregious breach of privacy caused Plaintiffs significant emotional distress, humiliation, and reputational harm.

- **Public Humiliation and Reputational Harm:** Plaintiffs will demonstrate that Defendants, through their coordinated actions, disseminated false and defamatory information about Plaintiffs, causing them significant reputational harm and exposing them to public ridicule and humiliation. The Arizona legal system, and the lawyers acting within it, served as both sword and shield – wielding the power of the courts to attack Plaintiff Andrew Rulnick, while simultaneously using legal procedures and technicalities to protect those who had wronged him, including the officers who used excessive force and his ex-wives who engaged in parental alienation. This includes opposing counsel, particularly Sheri Shepard, who exploited her legal knowledge and position to harass and intimidate Plaintiff Andrew Rulnick, while simultaneously obstructing his access to justice. This concerted effort to harm Plaintiff Andrew Rulnick, while shielding those responsible from accountability, has caused him profound emotional distress.

- **Denial of Reasonable Accommodations:** The deliberate and persistent denial of Plaintiff Andrew Rulnick's requests for reasonable accommodations, particularly in the context of highly stressful and emotionally charged legal proceedings, caused him significant and unnecessary emotional distress. This denial, which demonstrated a callous disregard for his disability and its impact on his ability to participate in the legal process, exacerbated his anxiety, fear, and feelings of isolation.

## 2. Malicious Prosecution

Plaintiffs assert that Defendants, acting with malice and without probable cause, initiated and pursued criminal charges against Plaintiff Andrew Rulnick. This malicious prosecution was intended to harass, intimidate, and punish Plaintiffs for asserting their

rights and for challenging the actions of Arizona law enforcement agencies and courts.
Malicious prosecution occurs when criminal proceedings are initiated without probable
cause, motivated by malice, and ultimately terminate in favor of the accused (see *Heck v.*
*Humphrey*, 512 U.S. 477 (1994)). Arizona law recognizes a cause of action for malicious
prosecution. To establish such a claim, Plaintiffs must demonstrate that: (1) a criminal
prosecution was commenced against Plaintiff Andrew Rulnick; (2) the prosecution was
initiated or procured by the Defendants; (3) the prosecution terminated in Plaintiff
Andrew Rulnick's favor; (4) the Defendants acted without probable cause; and (5) the
Defendants acted with malice.

**Plaintiffs will demonstrate at trial that the following facts satisfy the elements of a
malicious prosecution claim:**

- **The Mesa Police Department, in conjunction with the Mesa City Prosecutor's
  Office, initiated criminal charges against Plaintiff Andrew Rulnick for
  trespassing, despite his valid legal right to be present at his marital residence.**
  These charges were based on false and misleading information provided by
  Defendant Breanna Rice, who acted with malice and intent to deceive law
  enforcement officials. Plaintiffs are confident that discovery will reveal a pattern
  of close collaboration and communication between Defendant Breanna Rice and
  the Mesa Police Department, demonstrating a concerted effort to target Plaintiff
  Andrew Rulnick with false charges. John Smedley's own admission of "working
  with law enforcement to get the right outcome" for over two decades (see Exhibit
  8) raises serious concerns about potential influence and interference in this
  investigation, further tainting the already questionable basis for the criminal
  charges against Plaintiff Andrew Rulnick.

- **The Mesa Police Department's possession of over 5,000 pages of records
  related to Plaintiff, far exceeding any reasonable scope for a typical citizen,
  suggests a pattern of targeted harassment and a fixation on finding grounds
  to arrest and prosecute Plaintiff.** This excessive scrutiny, combined with the
  readily acceptance of false allegations from Defendant Rice, demonstrates the
  lack of probable cause and the malicious intent behind the criminal charges.

- **The evidence will demonstrate that Defendants pursued these charges with
  reckless disregard for the truth and without conducting a thorough and
  impartial investigation.** They ignored evidence that contradicted Breanna Rice's
  allegations and failed to consider Plaintiff Andrew Rulnick's disability-related
  needs and his attempts to communicate effectively with law enforcement officers.

- **The evidence will show that Defendants continued to pursue the criminal charges against Plaintiff Andrew Rulnick even after it became apparent that the charges were unfounded and lacked probable cause,** a critical element of any malicious prosecution claim (see *Heck v. Humphrey*, 512 U.S. 477 (1994)). This demonstrated a pattern of harassment and a deliberate intent to inflict harm upon Plaintiff Andrew Rulnick, motivated by bias and prejudice.

- **The evidence will demonstrate that the actions of Randa D. Conway and Sheri D. Shepard in withholding documents and misrepresenting the facts to the court were directly related to the malicious prosecution.** Their obstruction of Plaintiffs' legal efforts created an environment where false charges were more likely to be filed and pursued against Plaintiff Andrew Rulnick, demonstrating a coordinated effort to punish Plaintiffs for challenging their conduct.

As a result of Defendants' malicious prosecution, Plaintiffs incurred significant legal expenses, suffered reputational damage, and endured severe emotional distress. Plaintiff Andrew Rulnick was also unjustly deprived of his liberty and subjected to the Florence Correctional Facility. These charges, still not dropped or dismissed, had a significant impact on Plaintiff Andrew Rulnick's life, costing him time, money, and his emotional well-being.

### 3. False Arrest

Plaintiffs assert that Defendants, acting under color of state law, subjected Plaintiff Andrew Rulnick to false arrest in violation of his Fourth Amendment rights, made applicable to the states through the Fourteenth Amendment. The Fourth Amendment protects individuals from unreasonable seizures, including arrests without probable cause (see *Terry v. Ohio*, 392 U.S. 1 (1968)). To establish a false arrest claim, Plaintiffs must demonstrate that: (1) there was a seizure of Plaintiff Andrew Rulnick; (2) the seizure was unreasonable; and (3) the seizure was effectuated without probable cause.

**Plaintiffs will demonstrate at trial that the following facts satisfy the elements of a false arrest claim:**

- **In March 2022, officers of the Mesa Police Department arrested Plaintiff Andrew Rulnick at his marital residence for criminal trespass, despite his valid legal right to be present on the property (See Exhibit 4).** This arrest was effectuated after officers used excessive force, further demonstrating the unreasonable nature of the seizure. This demonstrates a pattern of escalating harassment and a disregard for Plaintiffs' rights.

- **Discovery will reveal that the arrest was based on false and misleading information provided by Defendant Breanna Rice, who intentionally misled law enforcement officials to deprive Plaintiff Andrew Rulnick of his liberty and to gain an advantage in their pending divorce proceedings.** This false information, combined with the officers' failure to properly investigate or consider Plaintiff Andrew Rulnick's evidence, indicates a lack of probable cause for the arrest.

- **Evidence will show that Defendants failed to conduct a reasonable inquiry to verify the veracity of Breanna Rice's allegations or to consider Plaintiff Andrew Rulnick's evidence that he was lawfully present at the residence.** This failure to investigate, particularly in light of Plaintiff Andrew Rulnick's disability and the potential communication barriers presented by his HFASD, demonstrates a reckless disregard for Plaintiffs' rights.

- **Plaintiffs are confident that evidence will show that Defendants' arrest of Plaintiff Andrew Rulnick was motivated by bias and prejudice against his disability**, as evidenced by their dismissive and hostile treatment of him during the encounter, their failure to provide reasonable accommodations, and their reliance on discriminatory stereotypes about individuals with HFASD. This discriminatory animus, combined with the lack of probable cause, establishes a clear violation of Plaintiff Andrew Rulnick's Fourth Amendment rights.

As a direct and proximate result of Defendants' false arrest, Plaintiff Andrew Rulnick was unjustly deprived of his liberty, subjected to the humiliation and indignity of being taken into custody, and forced to endure the traumatic and inhospitable conditions at the Florence Correctional Facility. This experience caused Plaintiffs further emotional distress and financial hardship.

**4. Interference with Parental Rights and Educational Access**

Plaintiffs assert that Defendants Paradise Valley Unified School District, Ann Furnish, and Stephan Jeras, acting under color of state law and in concert with Defendant Nicole Smedley, intentionally interfered with Plaintiff Andrew Rulnick's fundamental parental rights and denied him equal access to participate in his children's education. This interference was particularly egregious given that Plaintiffs' children, Asher, Jonah, and Hana Rulnick, were/are students within the Paradise Valley Unified School District, making the conflict of interest and potential for bias even more pronounced.

Plaintiffs will prove that Defendant Governors Ducey and Hobbs, as well as Defendant Attorneys General Brnovich and Mayes, had/have children attending or who have

attended Paradise Valley Unified School District, and that they have also made substantial financial contributions to the Paradise Valley Unified School District, demonstrating a strong personal and financial investment in this institution. These facts will establish a clear conflict of interest and demonstrate a strong motive for their repeated failure to address Plaintiff Andrew Rulnick's complaints about the school district's conduct, as they were unwilling or unable to believe that this school district, with which they are so closely associated, could possibly have issues, thereby protecting their own interests and reputations above the well-being and rights of other citizens. This direct connection, coupled with their inaction in response to Plaintiff Andrew Rulnick's pleas for help, raises serious questions about the integrity of these high-ranking state officials and their willingness to uphold the law fairly and impartially for all citizens.

Plaintiffs' fundamental right to raise their children and be involved in their education is protected by the Constitution. Parents possess a fundamental liberty interest in the care, custody, and control of their children. See *Troxel v. Granville*, 530 U.S. 57 (2000); *Stanley v. Illinois*, 405 U.S. 645 (1972). Any state interference with this fundamental right is subject to strict scrutiny and must be justified by a compelling state interest. Plaintiffs further assert that states also have a duty to protect children from harm. See *Santosky v. Kramer*, 455 U.S. 745 (1982). In this case, the State of Arizona, through the actions and inactions of its agents, failed to protect Plaintiffs Asher Rulnick, Jonah Rulnick, and Hana Rulnick from the harm caused by the intentional interference with their father's parental rights and their access to a meaningful relationship with him.

Specifically, Plaintiffs will demonstrate at trial the following acts of interference:

- **Discriminatory Exclusion:** Evidence will show that despite Plaintiff Andrew Rulnick's repeated efforts to participate in his children's education in a meaningful way, including attending school meetings, communicating with teachers, and providing input on educational decisions, Defendants Paradise Valley Unified School District, Ann Furnish, and Stephan Jeras systematically excluded him from the process. They consistently sided with Defendant Nicole Smedley, Plaintiff Andrew Rulnick's ex-wife and a colleague/employee within the Paradise Valley Unified School District, creating a clear conflict of interest and demonstrating a pattern of favoritism and nepotism. This bias was further evidenced by Defendant John Smedley's public defamation of Plaintiff Andrew Rulnick's parenting, reinforcing the hostile and discriminatory environment Plaintiffs faced in advocating for the children's well-being (see Exhibit 9). This discriminatory exclusion not only violated Plaintiff Andrew Rulnick's parental rights but also deprived Plaintiffs Asher Rulnick, Jonah Rulnick, and Hana Rulnick of the benefits of a meaningful relationship with their father and his active involvement in their education. This exclusion had a direct negative impact

on their emotional well-being and educational development, as they were
deprived of the guidance and support of their father.

- **Failure to Accommodate:** Evidence will show that Defendants Paradise Valley
  Unified School District, Ann Furnish, and Stephan Jeras failed to provide
  reasonable accommodations for Plaintiff Andrew Rulnick's HFASD or for his
  children's potential disability-related needs. Despite Plaintiff Andrew Rulnick's
  requests for accessible communication, modified meeting formats, and other
  supports, Defendants ignored Plaintiffs' needs with prejudice, further hindering
  Plaintiffs' ability to engage in the children's education. This failure to
  accommodate effectively excluded Plaintiffs from participating in school events
  and decision-making processes, further violating Plaintiffs' parental rights and
  harming the children's educational experience.

- **Delayed Recognition of Child's Disability:** Plaintiffs will demonstrate that
  Defendants Paradise Valley Unified School District, Ann Furnish, and Stephan
  Jeras delayed the recognition and accommodation of Plaintiff Jonah Rulnick's
  potential HFASD diagnosis for years, despite Plaintiff Andrew Rulnick's
  persistent advocacy and requests for evaluation. This delay deprived Plaintiff
  Jonah Rulnick of timely and necessary support services, further evidencing
  Defendants' disregard for Plaintiffs' concerns and their discriminatory bias. This
  delay had a direct and negative impact on Plaintiff Jonah Rulnick's educational
  progress and emotional well-being, causing him to fall behind in his studies and
  experience increased anxiety and frustration.

- **Obstruction of Evidence:** Plaintiff Andrew Rulnick repeatedly attempted to
  present evidence and exhibits demonstrating Defendants' discriminatory conduct
  and their complicity in Nicole Smedley's actions. However, Defendants
  obstructed Plaintiff's efforts by withholding relevant records, denying access to
  information, and failing to produce witnesses. This obstruction was evident in
  both the prior family court proceedings (Case Nos. CV2022-091739 &
  CV2023-005133, FC2017-054640 & FC2022-091124) and in Plaintiff Andrew
  Rulnick's attempts to obtain information from the school district directly. This
  obstruction violated Plaintiffs' right to due process, as it prevented them from
  effectively presenting their case and challenging the false accusations against
  them.

- **Failure to Uphold Court Orders:** Evidence will demonstrate that the
  Defendants' actions, including failing to ensure Plaintiff Andrew Rulnick's access
  to his children as ordered by the court, demonstrate a clear disregard for court

orders. This further highlights the systemic bias and lack of due process in the Arizona court system.

- **Aiding and Abetting Parental Alienation:** Plaintiffs will prove that the State of Arizona, through its inaction and failure to supervise and control its agents, effectively aided and abetted the parental alienation of Plaintiffs' children by Defendant Nicole Smedley. The State's indifference and unwillingness to address the clear violations of Plaintiff Andrew Rulnick's parental rights created an environment where Defendant Nicole Smedley was able to manipulate the legal system and school district to her advantage, unjustly limiting Plaintiff Andrew Rulnick's access to his children and causing them significant emotional harm.

- **Defiance of Court Orders:** Plaintiffs will demonstrate that Defendants Nicole Smedley and Breanna Rice, aided and abetted by other State actors, have willfully and repeatedly defied a court order mandating daily phone calls between Plaintiff Andrew Rulnick and his children via Google Calendar/Meet. This defiance, spanning [Number] years, is documented in numerous emails and complaints by Plaintiff Andrew Rulnick, pleading for assistance in enforcing this order. (See Exhibits [List of Exhibit Numbers for Emails and Complaints].) This blatant and persistent disregard for a direct judicial order, originating from the now Chief Justice Alison Bachus, demonstrates a calculated effort to obstruct Plaintiff Andrew Rulnick's parental rights and alienate him from his children. Their consistent noncompliance with this straightforward order, despite Plaintiff Andrew Rulnick's numerous pleas for help, reveals a disturbing pattern of bad faith and a willingness to manipulate the legal system to their advantage. This egregious conduct further underscores the pervasive bias and lack of accountability that Plaintiffs have faced in Arizona's legal system. **Defendants' actions were particularly egregious in their deliberate denial of phone calls on significant dates, such as Plaintiff Andrew Rulnick's birthday, the children's birthdays, and Father's Day. These actions demonstrate a callous indifference to the emotional well-being of both Plaintiff Andrew Rulnick and his children, further exacerbating the harm caused by the defendants' parental alienation tactics.** As a direct and proximate result of Defendants Nicole Smedley and Breanna Rice's willful defiance of this court order, Plaintiffs have suffered significant and quantifiable damages, including emotional distress, psychological harm, and deprivation of a fundamental parental bond. Plaintiffs believe that there is no genuine dispute as to the material facts regarding this conduct and seek partial summary judgment on this issue.

- **Law Enforcement Complicity:** The evidence will show that law enforcement officials in Arizona, including Officer D. Zintak of the Phoenix Police Department, actively participated in the obstruction of Plaintiff Andrew Rulnick's parental rights. Despite Plaintiff Andrew Rulnick's repeated complaints and documented evidence of Defendant Nicole Smedley's & Breanna Rice's defiance of the court order regarding phone calls with his children, **Officer Zintak dismissed these concerns and found "no indication of access interference," demonstrating a clear bias in favor of Defendant Nicole Smedley and a disregard for the court's authority**. (See Exhibit [Exhibit Number for Phoenix PD Report]).

As a direct and proximate result of Defendants' actions, Plaintiffs' fundamental parental rights were violated, and Plaintiff's children were deprived of the benefits of their father's active and engaged involvement in their education, resulting in significant harm to their emotional well-being and educational development.

**5. Retaliation**

Plaintiffs assert that Defendants engaged in a pattern of retaliatory actions against them for exercising their First Amendment rights to free speech and for seeking legal redress for the violations of their civil and constitutional rights. The First Amendment protects individuals from retaliation by state actors for engaging in protected speech, including speech that criticizes government officials or policies. To prevail on a First Amendment retaliation claim, Plaintiffs must demonstrate that: (1) they engaged in constitutionally protected speech; (2) they suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in that speech; and (3) there is a causal connection between the protected speech and the adverse action. See *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).

Plaintiffs will prove that Defendants engaged in retaliatory actions intended to punish them for speaking out against the injustices they faced and for challenging the conduct of Arizona officials. A public official may not retaliate against an individual for exercising their First Amendment rights, even if that speech criticizes the official's conduct. See *Pickering v. Board of Education*, 391 U.S. 563 (1968).

Specifically, Plaintiffs will demonstrate at trial that the following acts constitute retaliation:

- **Whistleblower Retaliation:** The First Amendment to the United States Constitution protects the right of individuals to speak out against government misconduct and to seek redress for grievances. See, e.g., *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379 (2011). Plaintiff Andrew Rulnick's persistent advocacy

for his children's well-being, his criticism of the Arizona justice system, and his efforts to expose wrongdoing by state officials constituted protected speech under the First Amendment. Evidence will show that Defendants responded to Plaintiff Andrew Rulnick's protected speech with a series of retaliatory actions clearly intended to silence him and deter him from further advocacy. Plaintiff Andrew Rulnick's attempts to contact various government agencies and officials, including the Governor's office, Attorney General's office, police departments, and child protective services, were met with deliberate indifference and inaction, constituting an adverse action that would deter a person of ordinary firmness from continuing to engage in protected speech.

- **Malicious Prosecution and False Arrest:** The evidence will show that the criminal charges filed against Plaintiff Andrew Rulnick for trespassing, based on false and misleading information provided by Defendant Breanna Rice, were a direct form of retaliation for Plaintiff's efforts to assert his parental rights and to challenge Breanna Rice's conduct. The initiation of criminal charges without probable cause, motivated by malice, and ultimately terminated in favor of the accused, constitutes malicious prosecution. See *Heck v. Humphrey*, 512 U.S. 477 (1994). Similarly, Plaintiffs will demonstrate that Plaintiff Andrew Rulnick's unlawful eviction and subsequent arrest, facilitated by the Mesa Police Department, were retaliatory measures aimed at punishing him for his outspoken criticism of law enforcement practices in Arizona. These retaliatory actions were undertaken with the knowledge and participation of other State agents, who are liable for failing to prevent the unlawful conduct and for condoning the targeting of Plaintiff for exercising his First Amendment rights. These actions clearly constitute an adverse action that would deter a person of ordinary firmness from continuing to engage in protected speech.

- **Obstruction of Justice and Denial of Information:** Discovery will reveal that Defendants' pattern of obstructing Plaintiffs' access to information, withholding relevant records, and delaying the production of evidence was another form of retaliation. These actions were intended to impede Plaintiffs' ability to prepare their legal cases and to expose Defendants' wrongdoing, thereby chilling their First Amendment rights. This obstruction of justice is particularly egregious in light of the *Brady v. Maryland*, 373 U.S. 83 (1963) requirement that the prosecution disclose exculpatory evidence to the defense, a requirement that Defendants have blatantly ignored.

- **Community Harassment and Intimidation:** Plaintiffs will prove that Defendants fostered a hostile environment for Plaintiffs within the Arizona

community, encouraging and condoning harassment and intimidation by associates of Nicole Smedley, including John Smedley. John Smedley's public statements on social media, which defamed Plaintiff Andrew Rulnick's character, threatened legal action, and even suggested physical violence (see Exhibits 5, 6, 7, 8, 9, 10), are a direct result of Defendants' efforts to silence Plaintiffs and retaliate against them for their advocacy. This harassment created a climate of fear and intimidation, designed to silence Plaintiffs and prevent them from speaking out against the injustices they were facing.

- **John Smedley's Admissions of Collaboration with Law Enforcement:** The evidence will demonstrate that Defendant John Smedley, a close associate of Defendant Nicole Smedley, actively and intentionally collaborated with Arizona law enforcement officials to target and punish Plaintiff Andrew Rulnick for exercising his First Amendment rights. Defendant John Smedley's public boasts on social media platform X.com, detailing his meticulous efforts to work with law enforcement to inflict harm on Plaintiff Andrew Rulnick, provide irrefutable proof of his malicious intent and his participation in the retaliatory scheme against Plaintiffs. (See Exhibits [List of Exhibit Numbers for John Smedley's Social Media Posts]).

The causal connection between Plaintiffs' protected speech and the adverse actions taken against them is evident in the timing of events, the retaliatory statements made by Defendants, and the pattern of escalating harassment and intimidation that followed Plaintiffs' outspoken criticism of the Arizona justice system. The inaction of Governors Ducey and Hobbs and Attorneys General Brnovich and Mayes further exacerbated the retaliatory scheme against Plaintiffs. Their failure to address his complaints and their silence in the face of ongoing violations sent a message that Plaintiffs' advocacy would not be tolerated and that they would be punished for speaking out against injustice.

As a result of Defendants' retaliatory actions, Plaintiffs have suffered substantial damages, including:

- Curtailment of their First Amendment rights;
- Emotional distress and psychological harm;
- Reputational damage and public humiliation;
- Financial losses stemming from job disruption and forced relocation. Co-Plaintiffs, A███, J███, and H██ R████, have also endured significant emotional distress and psychological harm as a direct result of Defendants' discriminatory actions, including but not limited to, the alienation from their father, denial of access to their father, being subject to a hostile environment, being deprived of their civil rights, and being victims of crimes.

**6. Fraud or Misrepresentation**

Plaintiffs assert that Defendants Sheri D. Shepard and Randa D. Conway engaged in fraudulent and misleading conduct, making material misrepresentations of fact with the intent to deceive the court and to deprive Plaintiffs of their legal rights. Fraudulent misrepresentations in the context of judicial proceedings constitute a serious breach of ethical and legal duties, undermining the integrity of the legal process and causing significant harm to the parties involved. To establish a claim for fraud, Plaintiffs must demonstrate that: (1) a false representation of material fact was made; (2) the defendant knew that the representation was false or acted with reckless disregard for the truth; (3) the defendant intended to induce reliance on the misrepresentation; (4) the Plaintiffs justifiably relied on the misrepresentation; and (5) Plaintiffs suffered resulting damages. See *State v. Haas*, 134 Ariz. 424 (1982).

**Plaintiffs will demonstrate at trial** that Defendants Shepard and Conway engaged in the following fraudulent and misleading conduct:

- **Misrepresentation of Documents:** Defendants Shepard and Conway repeatedly and falsely claimed to the court that they had not received documents or communications that were essential to Plaintiffs' case. **Plaintiffs possess evidence, including email receipts and other records, demonstrating that Defendants Shepard and Conway did, in fact, receive these materials.** Despite this, they knowingly and intentionally misrepresented the facts to the court, obstructing Plaintiffs' ability to present their case and delaying the proceedings. These misrepresentations were material because they directly impacted the court's decisions regarding scheduling, discovery, and motions practice, thereby prejudicing Plaintiffs' case. By making these false statements, Defendants Shepard and Conway violated their ethical obligations as attorneys to be truthful and candid with the court, as outlined in the Arizona Rules of Professional Conduct.

- **Obstruction of Housing Loan: Plaintiffs will prove that Defendants Shepard and Conway**, aware of court orders and Plaintiff Andrew Rulnick's dire need for stable housing to maintain his parental rights, intentionally misrepresented the facts related to Plaintiff Andrew Rulnick's ability to secure a private loan. They withheld crucial information, made false statements about the status of documents, and actively discouraged the court from granting Plaintiff Andrew Rulnick access to financing. These actions, which Defendants knew to be false, were specifically intended to deceive the court and to induce reliance on these

falsehoods, ultimately depriving Plaintiffs of Plaintiff Andrew Rulnick's right to secure affordable housing and jeopardizing Plaintiffs' parental rights. This conduct demonstrates a clear pattern of bad faith litigation tactics and a disregard for the ethical principles of fairness and honesty that govern the legal profession.

- **Sabotage of ADA Accommodations: The evidence will demonstrate that, in a clear display of discriminatory intent, Defendant Sheri D. Shepard** actively attempted to sabotage Plaintiffs' requests for reasonable accommodations in Plaintiff Andrew Rulnick's communications with the Division 1 Court of Appeals. She questioned Plaintiff Andrew Rulnick's need for accommodations for his cognitive disabilities, sowed seeds of doubt about his entitlement to such assistance, and discouraged the court from engaging in the interactive process required by the ADA. This conduct, which was both false and malicious, was intended to mislead the court and prevent Plaintiffs from obtaining the necessary accommodations to participate effectively in the legal proceedings.

- **Misrepresentation of Service and Communication: Plaintiffs will further prove that Defendants Shepard and Conway** falsely claimed to the court that they had not been properly served with legal documents or that they had not received essential communications from Plaintiffs. **Evidence, including email records and other documentation, will irrefutably demonstrate the falsity of these claims.** Their intent in making these misrepresentations was to obstruct the legal process, delay the proceedings, and create an unfair advantage for their clients. This deliberate misrepresentation of service constitutes a fraud upon the court and a violation of the defendants' duty of candor.

Defendants' fraudulent and misleading conduct was intentional, reckless, and malicious. They knew their misrepresentations were false or acted with reckless disregard for the truth, yet they persisted in their deception, causing Plaintiffs significant harm and unjustly delaying the resolution of their legal matters. As a direct result of Defendants' fraud, Plaintiffs have suffered damages, including but not limited to financial losses, emotional distress, damage to their reputations, and the deprivation of their legal rights.

## 7. Abuse of Process

Plaintiffs assert that Defendant Sheri D. Shepard, acting as counsel for Defendant Breanna Rice in family court case no. FC2022-091124, engaged in a pattern of abusive and unethical conduct, utilizing the legal process for improper purposes and with the intent to harass, intimidate, and retaliate against Plaintiffs. The Arizona courts have recognized a cause of action for abuse of process, requiring a showing that the defendant "(1) used a legal process, (2) against the plaintiff, (3) primarily for a purpose other than

that for which the process is designed." See *Nienstedt v. Wetzel*, 133 Ariz. 348 (Ct. App. 1982). Here, Plaintiffs will demonstrate that Defendant Shepard, as an officer of the court, abused the legal process by using it to harass and intimidate Plaintiffs, rather than for its intended purpose. Abuse of process occurs when a party, or their legal representative, maliciously misuses or perverts regularly issued legal process to achieve an unlawful purpose, even if the process itself was properly issued.

Specifically, Plaintiffs will prove at trial the following acts of abuse of process by Defendant Shepard:

- **Threats of Incarceration and Prosecution:** Evidence will demonstrate that Defendant Shepard engaged in a deliberate pattern of intimidation by making explicit threats to have Plaintiff Andrew Rulnick incarcerated and to bring the "wrath of prosecution" upon him. These threats, which were not made in good faith pursuit of legitimate legal objectives, were intended to instill fear and deter Plaintiff Andrew Rulnick from exercising his rights, and constitute an improper and abusive use of the legal process. These threats, documented in Plaintiffs' emails and other correspondence (see Exhibit [Insert Exhibit Number]), demonstrate a pattern of harassment intended to silence Plaintiffs and prevent them from seeking redress for the wrongs they had suffered.

- **Exploitation of Legal Procedures:** Plaintiffs will prove that Defendant Shepard repeatedly exploited legal procedures and technicalities to delay the proceedings, obstruct Plaintiffs' access to information, and prevent them from effectively presenting their case. This conduct, motivated by malice and a desire to harass Plaintiffs, far exceeded the bounds of zealous advocacy and constituted a clear abuse of process. This abuse of legal procedures denied Plaintiffs their right to a fair and expeditious resolution of their legal matters, causing further emotional distress and financial hardship.

- **Weaponization of Plaintiff Andrew Rulnick's Disability:** Evidence will demonstrate that Defendant Shepard intentionally used Plaintiff Andrew Rulnick's HFASD diagnosis against him, attempting to portray him as unfit and to undermine his credibility in court. She actively sought to sabotage Plaintiffs' requests for reasonable accommodations, further demonstrating her intent to use the legal system to exploit Plaintiff Andrew Rulnick's disability and prejudice him in the eyes of the court.

Defendant Shepard's conduct, in its entirety, demonstrates a blatant disregard for the ethical principles that govern attorneys. Her actions violated numerous provisions of the Arizona Rules of Professional Conduct, including ER 3.1 (Meritorious Claims and

Contentions), ER 3.3 (Candor Toward the Tribunal), and ER 4.4 (Respect for Rights of Third Persons).

By filing frivolous motions, making misrepresentations to the court, engaging in delaying tactics, and exploiting Plaintiff Andrew Rulnick's disability for her client's gain, Defendant Shepard weaponized the legal system against Plaintiffs, turning what should have been a neutral forum for resolving disputes into an instrument of oppression and abuse.

**This abusive conduct is not isolated to Defendant Shepard.** Plaintiffs will prove at trial that other attorneys representing the State of Arizona and its various agencies, as well as state actors who took it upon themselves to act as legal representatives, engaged in similar patterns of abusive and unethical conduct. These actions included, but were not limited to:

- Making baseless accusations and allegations against Plaintiffs without proper investigation or factual basis.
- Ignoring or downplaying Plaintiffs' legitimate concerns and requests for accommodations, demonstrating a deliberate disregard for their rights as individuals with disabilities.
- Engaging in delaying tactics and obstruction of justice to prevent Plaintiffs from effectively presenting their case and seeking redress for the harms inflicted upon them.
- Exploiting legal procedures and technicalities to gain an unfair advantage in court and to further the discriminatory and abusive treatment of Plaintiffs.

**This widespread pattern of abusive and unethical conduct by multiple attorneys and state actors representing the defendants demonstrates a systemic failure to uphold the principles of fairness, justice, and equal protection under the law. Such conduct not only violates Plaintiffs' rights but also undermines the integrity of the judicial system.**

As a direct and proximate result of Defendant Shepard's abuse of process, and the broader abuse of process by other attorneys and state actors acting on behalf of the defendants, Plaintiffs have suffered significant damages, including emotional distress, financial losses, reputational harm, and a deprivation of their right to a fair and impartial legal process.

**E. Violation of the Right of Access to Public Records**

Plaintiffs assert that Defendants City of Phoenix and City of Mesa have violated Plaintiffs' right of access to public records under Arizona law. The Arizona Public

Records Law, codified in Arizona Revised Statutes § 39-121 et seq., guarantees the right of citizens to access and inspect public records. The law requires that public records be made available "promptly," and unreasonable delays constitute a violation of this right. See *Phoenix Newspapers, Inc. v. Phoenix*, 154 Ariz. 259 (Ct. App. 1987).

**Plaintiffs will demonstrate at trial** that they have endured unreasonable and unjustified delays in obtaining public records from Defendants City of Phoenix and City of Mesa:

- **City of Phoenix:** Plaintiffs' requests for public records from the Phoenix Police Department have been met with delays exceeding three years. The evidence will demonstrate that Plaintiffs possess an admission from [Name of Phoenix Attorney], attorney for the City of Phoenix, acknowledging that the Phoenix Police Department is currently three years behind in processing public records requests. This admission clearly shows a systemic failure to comply with the law and a blatant disregard for Plaintiffs' right of access. (Attach the admission from the Phoenix attorney as Exhibit [Assign Exhibit Number]). This unreasonable delay has significantly prejudiced Plaintiffs, hindering their ability to obtain crucial evidence and pursue their legal claims in a timely manner.

- **City of Mesa:** Plaintiffs' requests for public records from the Mesa Police Department, including records related to the unlawful eviction, excessive force, and arrest of Plaintiff Andrew Rulnick in March 2022, have been met with delays of over two years. Moreover, the records produced by the Mesa Police Department remain incomplete, despite repeated requests for all relevant documents. **Plaintiffs will prove that this ongoing obstruction is a pattern of bad faith and a deliberate effort to prevent Plaintiffs from obtaining the necessary information to support their claims.**

These delays and obstructions, far exceeding the legal requirements for prompt disclosure, represent a clear violation of Plaintiffs' right of access to public records and their due process rights. As a direct result of this conduct, Plaintiffs have suffered damages, including:

- **Impeded Legal Proceedings:** The unreasonable delays have prevented Plaintiffs from obtaining essential evidence to support their legal claims, hindering their ability to prepare their case and seek justice in a timely manner.

- **Emotional Distress:** The prolonged and frustrating process of seeking access to public records has caused Plaintiffs significant emotional distress, anxiety, and frustration.

**IV. REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, Andrew Rulnick, Asher Rulnick, Jonah Rulnick, and Hana Rulnick, respectfully request that this Court grant the following relief:

**A. Temporary Orders**

- **Custody and Visitation:** Plaintiffs request that this Court issue temporary orders compelling Defendants Nicole Smedley and Breanna Rice to:
    - Bring Plaintiffs' children to Plaintiff Andrew Rulnick in Ohio for the entire summer visitation period.
    - Appear in person at a hearing in Ohio, along with Plaintiffs' children, A████, J████, and H██ R████ to allow the Court to assess the children's well-being, hear their perspectives, and determine the most appropriate custody arrangements.

This relief is necessary to protect Plaintiffs' parental rights (see *Troxel v. Granville*, 530 U.S. 57 (2000)), to mitigate the harm caused by Defendants' custodial interference, and to allow Plaintiffs' children to have a meaningful relationship with their father. This Court should consider the best interests of the children, A████, J████, and H██ R████, as they have a right to a relationship with their father (see *Stanley v. Illinois*, 405 U.S. 645 (1972)). Given the documented pattern of obstruction and hostility Plaintiffs have faced in Arizona, a temporary change of custody to Ohio is necessary to ensure the children's safety, well-being, and their right to a meaningful relationship with both parents.

**B. Declaratory Judgment**

- **Civil Rights Violations:** Issue a declaratory judgment finding that Defendants have violated Plaintiffs' civil rights under the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment to the United States Constitution, specifically Plaintiffs' right to due process, equal protection, and freedom from unreasonable seizures. This declaration serves to officially acknowledge the violations Plaintiffs have suffered and provides a basis for further relief.

**C. Injunctive Relief**

- **Future Discrimination:** Issue a permanent injunction prohibiting Defendants from further discriminating against Plaintiffs based on disability, religion, or protected speech. This order will prevent future harm and ensure that Plaintiffs' rights are protected going forward.

- **Harassment and Intimidation:** Issue a permanent injunction prohibiting Defendants and their associates, including John Smedley, from harassing, intimidating, or threatening Plaintiffs. This order is essential to protect Plaintiffs' safety, their emotional well-being, and their ability to exercise their rights freely without fear of retaliation.

## D. Damages

- **Compensatory Damages:** Award Plaintiffs compensatory damages for the harm they have suffered as a result of Defendants' wrongful conduct, including:

  - **Physical injuries and medical expenses:** These damages will compensate Plaintiff Andrew Rulnick for the physical injuries he sustained as a direct result of Defendants' actions, including the unlawful eviction and excessive force used by the Mesa Police Department.

  - **Emotional distress and psychological harm:** These damages will compensate Plaintiffs for the severe emotional trauma, anxiety, and psychological harm caused by Defendants' discriminatory conduct, malicious prosecution, false arrest, and other tortious actions.

  - **Loss of earnings and diminished earning capacity:** These damages will compensate Plaintiff Andrew Rulnick for the income he has lost and the future earnings he will likely lose as a result of Defendants' actions, which forced him to relocate his business and disrupted his professional life. This includes the specific loss of a $250,000 contract in November 2023.

  - **Reputational damage:** These damages will compensate Plaintiffs for the harm to their reputations caused by Defendants' false and defamatory statements, the publication of confidential information, and the public humiliation they have endured.

  - **Loss of enjoyment of life:** These damages will compensate Plaintiffs for the loss of enjoyment of life they have experienced as a result of Defendants' wrongful conduct, which has deprived them of their ability to participate fully in family activities, social events, and other aspects of a normal life.

- **Business Damages:** Award Plaintiffs damages for the harm inflicted upon Plaintiff Andrew Rulnick's company, DESIGNA, LLC, as a result of Defendants' retaliatory actions, including:

- o **Loss of contracts and business opportunities:** These damages will compensate DESIGNA for the contracts and business opportunities it has lost due to the disruption of its operations and the damage to its reputation caused by Defendants' conduct.

- o **Disruption of research and development:** These damages will compensate DESIGNA for the disruption of its research and development efforts, which have been hindered by the legal battles and forced relocation.

- o **Damage to DESIGNA's reputation and goodwill:** These damages will compensate DESIGNA for the harm to its reputation and goodwill caused by Defendants' false and defamatory statements and their association of DESIGNA with the negative publicity surrounding Plaintiffs' legal battles.

- • **Punitive Damages:** Award Plaintiffs punitive damages against Defendants to punish them for their malicious, reckless, and discriminatory conduct and to deter similar violations in the future. Punitive damages are warranted in this case due to the egregious nature of Defendants' actions, their deliberate indifference to Plaintiffs' rights, and their conscious disregard for the law.

**E. Costs and Attorneys' Fees**

Award Plaintiffs their costs and reasonable attorneys' fees incurred in prosecuting this action, as allowed under the ADA (42 U.S.C. § 12205) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794a).

**F. Other Relief**

- • **Pre-Trial Conference and Evidentiary Hearing:** Plaintiffs respectfully request that this Court schedule a comprehensive pre-trial conference and a full evidentiary hearing. Given the complex factual and legal issues presented in this case, a pre-trial conference is necessary to streamline the discovery process, address any preliminary motions, and set a clear path for the litigation. A full evidentiary hearing is crucial to allow the Court to thoroughly review the extensive exhibits and evidence, including the voluminous records that will be produced during discovery. This hearing will ensure that all parties have a fair opportunity to present their case and that the Court has a complete understanding of the facts before making any rulings.

- **Special Investigation and Prosecution:** Plaintiffs request that this Court, upon finding of probable cause, refer this matter to the U.S. Attorney General and/or the Attorney General of Ohio for investigation and prosecution of potential criminal charges against Defendants for violations of federal or state law, including but not limited to, obstruction of justice, witness tampering, perjury, and civil rights violations. This request for relief is supported by evidence of potential witness tampering and obstruction of justice, as detailed in Plaintiffs' Complaint and Exhibits.

- **Compelling Discovery:** Issue orders compelling Defendants to produce all documents, records, and other evidence requested by Plaintiffs, including but not limited to:

  ○ All body-worn camera footage from the Mesa Police Department and the Phoenix Police Department relating to interactions with Plaintiffs, including the unlawful eviction of Plaintiff Andrew Rulnick in March 2022 and any other incidents documented in the Complaint.

  ○ All police reports and internal affairs investigations related to Plaintiff Andrew Rulnick, including, but not limited to, Phoenix PD Report 202300001583645 and any other reports or records pertaining to the unlawful eviction, excessive force, false arrest, and denial of bond and access to counsel alleged in the Complaint.

  ○ All school records, emails, and communications between Paradise Valley Unified School District officials, including Defendants Ann Furnish and Stephan Jeras, and any other school district personnel, relating to Plaintiffs and their children, A███, J███, and H███ R███. This request includes any records documenting or referencing Plaintiff Andrew Rulnick's attempts to participate in his children's education, requests for accommodations, or any allegations of discrimination or prejudice.

  ○ All records, emails, and communications between Defendant Nicole Smedley and Paradise Valley Unified School District officials, including, but not limited to, Defendants Ann Furnish and Stephan Jeras, regarding Plaintiff Andrew Rulnick and his children. This request includes any records that demonstrate a conflict of interest, favoritism, nepotism, or any other improper conduct that contributed to the violation of Plaintiffs' rights.

- All emails, letters, and other correspondence between Plaintiffs and any named Defendant, including but not limited to, communications with the Governor's office, Attorney General's office, Department of Child Safety, and any other state or city agencies. This request encompasses all communications in which Plaintiff Andrew Rulnick reported discrimination, requested accommodations, or sought assistance in addressing the violations of his rights, as well as any responses or lack of responses from Defendants.

- All social media posts, comments, and messages related to Plaintiffs by any named Defendant or their associates, including but not limited to, Defendant John Smedley, that demonstrate harassment, intimidation, defamation, or any other conduct that contributed to the hostile environment Plaintiffs faced.

- All financial records, including but not limited to, donations, contributions, grants, and other forms of financial support provided to the Paradise Valley Unified School District by any named Defendant, including Governors Ducey and Hobbs, Attorneys General Brnovich and Mayes, and any other state official.

- All financial records, including but not limited to, campaign contributions, donations, and other forms of financial support provided either to former Judge David K. Udall during his tenure on the Maricopa County Superior Court, or to Defendant Doug Ducey, by Udall Shumway, the law firm representing Defendant Breanna Rice. This request is limited to financial records that demonstrate a potential connection between the State Defendants and Judge Udall, which could have influenced the perception of bias and favoritism in the judicial proceedings involving Plaintiffs, even after Judge Udall's retirement.

- Any and all documents, records, and other evidence in Defendants' possession or control that are responsive to Plaintiffs' requests for production and interrogatories, including any exculpatory evidence that has been withheld or concealed.

This relief is necessary to ensure Plaintiffs have a fair opportunity to prove their case and to prevent Defendants from further obstructing justice. Plaintiffs anticipate that the discovery process in this case will be extensive and complex, potentially requiring 8 months to a year to complete, due to the Defendants' history of non-compliance, their

unwillingness to produce records voluntarily, and the need to identify all potential defendants, including state employees and contractors, who may be liable for the alleged violations.

- **Change of Venue (Civil Matters):** Plaintiffs request that this Court order that the venue for any pending or future civil matters involving Plaintiffs in Arizona be changed to Ohio to ensure a fair and impartial hearing, free from the pervasive bias and influence of Defendants and their associates. This Court has the authority to transfer a case to a different venue if it determines that such a transfer is in the "interest of justice" and is necessary to ensure a fair trial. See 28 U.S.C. § 1404(a). In this case, a transfer to Ohio is necessary because of the substantial due process implications of compelling Plaintiffs to litigate in a jurisdiction where their rights have been repeatedly violated and where they face hostility and discrimination. See *Santosky v. Kramer*, 455 U.S. 745 (1982); *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981).

- **Order the release of all records from the Governors' and Attorneys General's offices related to Plaintiff Andrew Rulnick's complaints and their responses.** Plaintiffs believe that these records will provide crucial evidence of the State's knowledge of and deliberate indifference to the violations of Plaintiffs' rights, as well as their failure to adequately address these issues.

- **Permanent Custody Transfer:** Plaintiffs request that this Court, upon a full review of the evidence and consideration of the best interests of Plaintiffs' children, order a permanent transfer of custody from Arizona to Ohio. Given the documented pattern of discrimination, abuse of process, and parental alienation Plaintiffs have endured in Arizona, a change of custody to Ohio is essential to ensure the children's safety, well-being, and their right to a meaningful relationship with their father, free from the hostile environment they have been subjected to in Arizona.

- **Sanctions for Defiance of Court Orders:** Plaintiffs request that this Court impose sanctions against Defendants Nicole Smedley, Breanna Rice, and any other defendant found to be complicit in the willful defiance of the court order regarding Plaintiff Andrew Rulnick's communication with his children. These sanctions should be sufficient to deter future violations of court orders and to demonstrate the seriousness of the defendants' misconduct.

- **Other Equitable Relief:** Grant any other equitable relief that the Court deems just and proper, including, but not limited to, sanctions against Defendants for

their obstructive and prejudicial conduct, including spoliation of evidence, withholding of records, and bad-faith litigation tactics.

**G. Partial Summary Judgment**

Plaintiffs respectfully request that this Court grant partial summary judgment in their favor on the issue of the defendants' unreasonable delay and obstruction of Plaintiffs' right of access to public records, in violation of Arizona Revised Statutes § 39-121 et seq. Plaintiffs seek an award of $1,000,000 as a fraction of the total legal damages and other damages incurred as a result of this unlawful conduct, with the remaining damages to be proven in greater detail at trial.

**H. Partial Summary Judgment - Damages for Defiance of Court Order:** Plaintiffs respectfully request that this Court grant partial summary judgment in their favor against Defendants Nicole Smedley and Breanna Rice for their willful defiance of the court order mandating daily phone calls between Plaintiff Andrew Rulnick and his children via Google Calendar/Meet. Plaintiffs seek an award of [Insert Amount] in damages, representing a portion of the total damages incurred as a result of this unlawful conduct, with the remaining damages to be proven in greater detail at trial.

**I. Acknowledgment of Disability Rights Violations**

Plaintiffs respectfully request that this Court issue a formal acknowledgment that Defendants have violated Plaintiffs' rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973. This acknowledgment should specifically address the Defendants' systemic failure to provide reasonable accommodations for Plaintiff Andrew Rulnick's disability, their discriminatory actions, and their creation of a hostile environment that denied Plaintiffs equal access to justice and essential services.

**V. DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable in this action.

**VI. CONCLUSION**

The ordeal endured by Plaintiffs is not merely a series of unfortunate events, but a calculated and orchestrated campaign of discrimination, harassment, and abuse of power, designed to silence, discredit, and strip them of their fundamental rights. The defendants, acting individually and collectively as agents of the State of Arizona, have woven a tapestry of injustice, marked by deliberate indifference, bad faith, and a blatant disregard for the rule of law.

1. Motivated by prejudice, self-interest, and a desire to protect their reputations at the
2. expense of justice, the defendants have targeted Plaintiffs, relentlessly pursuing baseless
3. accusations, withholding evidence, obstructing legal proceedings, and denying their
4. fundamental right to a fair and impartial hearing. This systematic campaign of
5. misconduct has caused Plaintiffs immeasurable harm, leaving them physically injured,
6. emotionally scarred, financially devastated, and deprived of their constitutionally
7. protected parental rights.

8. The defendants' actions have not only inflicted deep personal wounds but have also
9. stifled the progress of groundbreaking research and development by DESIGNA, LLC,
10. that held the potential to benefit individuals and society as a whole. Their conduct has
11. demonstrated a profound lack of respect for the law, the courts, and the fundamental
12. principles of fairness and equality upon which our justice system is built.

13. Plaintiffs seek justice not only for themselves but also to ensure that others who are
14. vulnerable and marginalized do not have to endure the same pattern of discrimination and
15. abuse. They seek accountability for the Defendants who have violated the law, abused
16. their power, and inflicted irreparable harm. They seek a restoration of their parental
17. rights, a vindication of their constitutional freedoms, and an end to the systematic
18. discrimination that has plagued their lives for far too long. They seek a world where the
19. law protects all, regardless of disability, religion, or their willingness to speak truth to
20. power.

21. This Court, representing a beacon of hope in a system that has failed them, has the power
22. to right these wrongs, to hold the perpetrators accountable, and to send a clear message
23. that such blatant disregard for the law will not be tolerated. Plaintiffs, with heavy hearts
24. but unwavering resolve, place their faith in this Court to deliver the justice they so
25. desperately deserve.

26. WHEREFORE, Plaintiffs pray for relief as set forth in the Request for Relief above and
27. for any other relief that this Court deems just and equitable.

28. **Respectfully submitted,**

29. /s/ Andrew Rulnick
30. Andrew Rulnick
31. 676 Lilac Ln
32. Copley Ohio 44321
33. Andrew@DESIGNA.xyz
34. 480.527.7255